Leonard H. Sandler, J.
In this suit for damages for breach of a bailment contract it is undisputed that defendant accepted from plaintiff’s wife a fur coat for storage in May, 1966, and that the coat was missing when demanded in October, 1966.
Two principal defenses were presented at the trial. First, that the coat had been stolen during a burglary, and that the defendant had exercised due care to safeguard the property against loss from that or any other cause. Second, that in any event recovery should be limited to $100, that being the value placed on the coat in a receipt mailed to plaintiff’s wife some time after the defendant accepted the coat.
The latter contention has little merit. In Abend v. Haberman (281 App. Div. 262, 264 [1st Dept., 1953]) the Appellate Division squarely held that the mailing of such a document after formation of the bailment contract on delivery of the property is not effective to alter the original arrangement in the absence of actual consent.
No such consent was established here. It is true that the defense alleged a routine under which the mailing of the receipt would be preceded by a telephone call to the bailer who would be told of the $100 value if the property were insured. Even assuming that such a conversation took place, which plaintiff’s wife flatly denied, it would fall far short of establishing a meaningful consent to the valuation.
The basic relevant rule with regard to the kind of bailment presented is that the bailee assumes a duty of care, that the failure to return the bailed property creates a presumption of negligence, that the burden then shifts to the bailee to show how the loss occurred, and if that burden is then met, the plaintiff must prove actual negligence. (Proctor & Gamble v. Lawrence Amer. Field Warehousing Corp., 16 N Y 2d 344 [1965]; 5 N. Y. Jur., Bailments, §§ 54, 56-59.)
The defense here failed wholly to present any legally admissible evidence to explain the disappearance of the coat. The defendant, who was his only witness, was not even in New York when the alleged burglary occurred, and relied wholly on what he was told by an employee who did not testify and whose failure to testify was not explained.
Indeed, even the hearsay account raises more questions than it answers, since it was indicated that an elaborate network of alarms was somehow not triggered, and that entrance was gained without any indication of a break.
*46 In any event, I find that the evidence established actual negligence by the defendant.
Quite apart from the failure of the defendant to send the coat to its normal storage facilities, for reasons that were sharply disputed, the defendant’s negligence is clearly established by the fact that they kept the plaintiff’s coat on the rack in their factory together with other coats held for storage while their own manufactured coats were kept in a vault. I find wholly inadequate the defendant’s explanation for the striking difference in care between coats defendant owned and coats defendant held as a bailee. (5 N. Y. Jur., Bailments, § 58.)
On the question of value, I accept the testimony of the defendant-— the only expert called on the question — that the coat was worth 30% of market value.
Since the coat was bought for $3,800 some three years before, I find for the plaintiff in the sum of $1,140, with interest from December, 1966.